UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-76-FDW

| CHRISTOPHER ANTHONY JUDD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| BILLY WATKINS, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, (Doc. No. 10).[1] Plaintiff is proceeding *in forma pauperis*, (Doc. No. 9). Plaintiff has filed a Motion to Appoint Counsel, (Doc. No. 11).

### I. BACKGROUND

*Pro se* Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 while a pretrial detainee at the Buncombe County Detention Facility ("BCDF"). He names as Defendants: Deputy Billy Watkins, Officer John Doe, Heathcare Provider Jane Doe, and Buncombe County.

Construing the Amended Complaint liberally and accepting the allegations as true, Plaintiff attempted to commit suicide in his cell at BCDF on November 11 or 12, 2016.

During the intake medical assessment at BCDF, inmates are asked to sign a form stating that they are aware that self-injurious behavior could make them liable for all costs that result from those actions. This practice is deliberately indifferent to the risk of harm to inmates inclined to attempt suicide and "may have been the proximate cause of the multiple constitutional violations

---

[1] An amended complaint supersedes the original complaint so that any claims or parties omitted from an amended complaint are waived. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

that nearly cost [Plaintiff] his life" if officers are under the impression that an inmate's signature on the forms absolves them from liability on Eighth or Fourteenth Amendment claims. (Doc. No. 10 at 14). This also suggests that "all inmates known to be inclined to suicide are being deliberately placed in imminent danger." (Id.).

Plaintiff has attempted suicide at BCDF more than once before the November incident, and all of the attempts took place under identical circumstances. Deputy Watkins did nothing to prevent the attempt or intervene in Plaintiff's attempt to commit suicide. Officer John Doe issued Plaintiff sheets and blankets and assigned him to a cell with tie-off points despite knowing Plaintiff's history of suicide attempts. No precautions were taken against the known risk of suicide attempts. John and Jane Doe "recklessly disregarded a substantial risk of serious harm." (Doc. No. 10 at 6).

Plaintiff was found unconscious, not breathing, and with a faint pulse. His condition required immediate life-saving measures and emergency transport to Mission Hospital where he was kept on life support for nearly two weeks. Plaintiff suffered traumatic brain injury, broken ribs, and a damaged esophagus. Plaintiff is still suffering from short-term memory loss, post traumatic stress disorder, depression, and chronic headaches. Plaintiff is in need of "comprehensive neurological analysis and treatments" and "comprehensive evaluation and possibly long term treatment." (Doc. No. 10 at 6).

Plaintiff seeks declaratory judgment, injunctive relief, and compensatory and punitive damages.

**II.      SCREENING STANDARD OF REVIEW**

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

3

## IV. DISCUSSION

**(1) <u>Deliberate Indifference</u>**

The Eighth Amendment prohibits punishments that "involve the unnecessary and wanton infliction of pain." <u>Estelle v. Gamble</u>, 429 U.S. 97, 103 (1976) (quoting <u>Gregg v. Georgia</u>, 428 U.S. 153, 173 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." <u>Williams v. Benjamin</u>, 77 F.3d 756, 761 (4th Cir.1996). The Constitution "does not mandate comfortable prisons, … but neither does it permit inhumane ones." <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994) (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 349 (1981)). Thus, prison official must provide sentenced prisoners with adequate food, clothing, shelter, and medical care, and "take reasonable measures to guarantee the[ir] safety…." <u>Hudson v. Palmer</u>, 468 U.S. 517, 526-27 (1984); <u>see</u> <u>Farmer</u>, 511 U.S. at 832-34. Inmates' claims that prison officials disregarded specific known risks to their health or safety are analyzed under the deliberate indifference standard of the Eighth Amendment. See <u>Pressly v. Hutto</u>, 816 F.2d 977, 979 (4th Cir. 1987).

Because Plaintiff was a pre-trial detainee at the relevant times, his deliberate indifference claim is properly brought under the Fourteenth Amendment, rather than the Eighth Amendment, but the analysis is the same. <u>See</u> <u>City of Revere v. Mass. Gen. Hosp.</u>, 463 U.S. 239 (1983); <u>see also</u> <u>Martin v. Gentile</u>, 849 F.2d 863 (4th Cir. 1988) (applying the Fourteenth Amendment to an arrestee's deliberate indifference claim); <u>but</u> <u>see</u> <u>Kingsley v. Hendrickson</u>, 135 S. Ct. 2466, 2473, 2475 (2015) (holding that the test for excessive force claims brought by pretrial detainees under the Fourteenth Amendment differs from the test for excessive force claims brought by convicted prisoners under the Eighth Amendment); <u>see</u> <u>Lanier v. Henderson Cnty. Det. Ctr.</u>, 2016 WL 7007537 at *2, n. 3 (W.D.N.C. Nov. 29, 2016) (noting that the Supreme Court in <u>Kingsley</u> did not

explicitly extend the objective reasonableness standard outside the excessive force context); see, e.g., Duff v. Potter, 665 Fed. Appx. 242, 244-45 (4th Cir. 2016) (applying the Kingsley standard to a detainee's excessive force claim but not his medical need claim).

**(A)** **Self Harm**

This constitutional guarantee encompasses a prisoner's right to medical care for serious medical needs, including psychological needs. See Estelle, 429 U.S. at 103-04. To state a claim for deliberate indifference to a serious medical need, a plaintiff must show that he had serious medical needs and that the defendant acted with deliberate indifference to those needs. Heyer v. United States Bureau of Prisons, 849 F.3d 202, 210 (4th Cir. 2017) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)). "[P]rison officials have a duty to protect prisoners from self-destruction or self-injury." Gordon v. Kidd, 971 F.2d 1087, 1094 (4th Cir. 1992) (quoting Lee v. Downs, 641 F.2d 1117, 1121 (4th Cir. 1981)). The key to deliberate indifference in a prison suicide case is "whether the defendants knew, or reasonably should have known, of the detainee's suicidal tendencies." Id. (quoting Elliott v. Cheshire County, 940 F.2d 7, 10-11 (1st Cir. 1991)) (citation omitted).

Plaintiff alleges that the BCDF's intake policy encourages staff to ignore the risk of self-injury to detainees, and that, as a result of this policy, Defendants Watkins and Officer John Doe did nothing to prevent Plaintiff's suicide attempt even though they knew of Plaintiff's risk of self-harm. Plaintiff appears to assert this claim against Buncombe County and against Defendants Watkins and John Doe in their official capacities. An official-capacity suit is "treated as a suit against the entity," which must then be a "'moving force' behind the deprivation," Kentucky v. Graham, 473 U.S. 159, 166 (1985) (quoting Polk County v. Dodson, 454 U.S. 312, 326 (1981)). Thus, the entity's "'policy or custom' must have played a part in the violation of federal law,"

5

Graham, 473 U.S. at 166 (quoting Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978)). "[T]he Eleventh Amendment does not bar a suit against a North Carolina sheriff in his official capacity…." Harter v. Vernon, 101 F.3d 334, 343 (4th Cir. 1996); see also Cash v. Granville County Bd. of Educ., 242 F.3d 219, 227 (4th Cir. 2001). Plaintiff's deliberate indifference claim with regards to the BCDF policy is liberally construed as a claim against the Buncombe County Sheriff and is sufficient to proceed at this time.

In his claims against Defendants Watkins and John Doe in their individual capacities, Plaintiff appears to allege that both of these Defendants knew about Plaintiff's history of self-harm, placed him in conditions where the risk of self-harm was high, and did nothing to prevent his suicide attempt.[2] These allegations are not frivolous on their face and will be permitted to proceed.

Therefore, Plaintiff's deliberate indifference claims with regards to the risk of self-harm will be permitted to proceed against the Buncombe County Sheriff and Defendants Watkins and John Doe.

**(B)** **Serious Medical Need**

As applied to prisoners, this constitutional guarantee encompasses a right to medical care for serious medical needs, including psychological needs. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To state a *prima facie* case of deliberate indifference to a serious medical need, a

---

[2] John Doe suits are permissible only against "real, but unidentified, defendants." Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982). The designation of a John Doe defendant "is generally not favored in federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery." Njoku v. Unknown Special Unit Staff, 217 F.3d 840, 840 (4th Cir. 2000). "[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice." Schiff, 691 F.2d at 197-98 (because it appeared that John Doe was an actual person, it was error for the district court to conclude that, under appropriate circumstances, this type of case would not be permitted). If Plaintiff is unable to provide adequate information to serve Defendant John Doe at this time, it appears that Plaintiff may be able to identify him during discovery.

6

plaintiff must show that he had serious medical needs and that the defendant acted with deliberate indifference to those needs. Heyer, 849 F.3d at 210 (citing Iko, 535 F.3d at 241). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (internal quotation marks omitted). To constitute deliberate indifferent to a serious medical need, "the treatment [a prisoner receives] must be so grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by* Farmer, 511 U.S. at 825. However, mere negligence or malpractice does not violate the Eighth Amendment. Miltier, 896 F.2d at 852. Further, "mere '[d]isagreements between an inmate and a physician over the inmate's proper medical care' are not actionable absent exceptional circumstances." Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016) (quoting Wright v. Collins, 766 F.2d 841, 840 (4th Cir. 1985)).

Plaintiff alleges that he was given life-saving measures immediately following his suicide attempt and that he was transported to Mission Hospital for emergency treatment. He claims that he suffered injuries and that he is in need of evaluation and treatment. However, he fails to explain how any of the Defendants were personally involved in the denial of adequate care or were deliberately indifferent to a serious medical need. Therefore, Plaintiff's medical deliberate indifference claims will be dismissed without prejudice.

### V. PENDING MOTION

**(1) Motion to Appoint Counsel**

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to

seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).

In support of the Motion, Plaintiff states that he is dealing with short-term memory loss, depression and post-traumatic stress disorder, and feels that he will not be able to adequately represent himself as a result of these "disabilities." (Doc. No. 11 at 1).

The record reflects that Plaintiff has been able to adequately represent himself in these proceedings. This case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motion seeking the appointment of counsel will be denied.

## VI. CONCLUSION

For the reasons stated herein, the Amended Complaint has passed initial review on deliberate indifference claims addressing Plaintiff's risk of self-harm against the Buncombe County Sheriff, Defendant Watkins, and Officer John Doe. His other claims are dismissed without prejudice for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's Motion for the Appointment of Counsel is denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint, (Doc. No. 10), has passed initial review on Plaintiff's claims of deliberate indifference with regards the risk of self-harm against Buncombe County Sheriff, Defendant Watkins, and Officer John Doe.

2. The remaining claims are dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. Plaintiff's Motion to Appoint Counsel, (Doc. No. 11), is **DENIED**.

4. **IT IS FURTHER ORDERED THAT** the Clerk is directed to mail a summons form to Plaintiff for Plaintiff to fill out and return for service of process on the **Buncombe**

**County Sheriff, Deputy Billy Watkins,** and **Officer John Doe**. Once the Court receives the summons form, the Clerk shall then direct the U.S. Marshal to effectuate service on these Defendants. The Clerk is respectfully instructed to note on the docket when the form has been mailed to Plaintiff.

Signed: May 3, 2019

Frank D. Whitney
Chief United States District Judge