# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-76-FDW

| | |
|---|---|
| CHRISTOPHER ANTHONY JUDD, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| BILLY WATKINS, et al., | ) |
| | ) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on Plaintiff's Letters requesting a "pre-answer mediation and settlement conference," (Doc. No. 19), and for leave to add a Defendant, (Doc. No. 21).

Plaintiff's Amended Complaint, (Doc. No. 10), passed initial review on claims of deliberate indifference against the Buncombe County Sheriff, Defendant Watkins, and Officer John Doe. (Doc. No. 12). Plaintiff has filed several documents seeking to add parties and amend his claims, the most recent of which has been docketed as a Motion. (Doc. No. 21); see also (Doc. Nos. 15, 16, 20).

A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit "ha[s] interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment

1

would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (*en banc*) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

Plaintiff apparently seeks to amend but he has not filed a proposed Second Amended Complaint. Piecemeal filings will not be permitted. This denial is without prejudice for Plaintiff to amend in accordance with the applicable rules and procedures. Despite his *pro se* status, Plaintiff must comply with all applicable procedures and rules including the Federal Rules of Civil Procedure and the Court's Local Rules. His attention is particularly drawn to Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires a "short and plain" statement of the claim. The Amended Complaint must contain all claims Plaintiff intends to bring in this action, identify all Defendants he intends to sue, and clearly set forth the factual allegations against each of them. Plaintiff may not amend his Complaint by merely adding defendants and claims in a piecemeal fashion. Any Second Amended Complaint will supersede the prior pleadings so that any claims or parties omitted from the Second Amended Complaint will be waived. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001). If Plaintiff fails to file an Second Amended Complaint in accordance with this Order, the case will proceed on the Amended Complaint that has already passed initial review.

Plaintiff also requests a pre-answer mediation and settlement conference. That request will be denied.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's Letters are construed as a Motion for Pre-Answer Mediation and Settlement Conference, (Doc. No. 19), and Motion to Amend, (Doc. No. 21), which are denied.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Letter, (Doc. No. 19), is construed as a Motion for Pre-Answer Mediation and Settlement Conference and is **DENIED**.

2. Plaintiff's Letter, (Doc. No. 21), is construed as a Motion to Amend and is **DENIED** without prejudice to file a superseding Second Amended Complaint in compliance with all applicable rules and procedures.

3. The Clerk of Court is directed to mail Plaintiff a new § 1983 complaint form.

Signed: June 12, 2019

_____
Frank D. Whitney
Chief United States District Judge