UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-76-FDW

| CHRISTOPHER ANTHONY JUDD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| BILLY WATKINS, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motions for Leave to Amend Complaint, (Doc. Nos. 25, 35), Response to Answer, (Doc. No. 36), and Motion for Leave to Serve Request for Admissions, (Doc. No. 39).

Plaintiff's Amended Complaint pursuant to 42 U.S.C. § 1983 passed initial review on claims of deliberate indifference against the Buncombe County Sheriff, Deputy Billy Watkins and Officer John Doe. (Doc. No. 12). Defendants Watkins and the Sheriff filed an Answer, (Doc. No. 24), and the Court entered a Pretrial Order and Case Management Plan setting the deadline for motions to amend as August 9, 2019, the discovery cutoff date of October 18, 2019, and the dispositive motions deadline as November 18, 2019, (Doc. No. 27).

Plaintiff has previously been instructed that "[p]iecemeal filings will not be permitted" and that he may not "amend his Complaint by merely adding defendants and claims in a piecemeal fashion." (Doc. No. 23 at 2). He was further instructed that any amended complaint "will supersede the prior pleadings so that any claims or parties omitted [from an amended complaint] will be waived." (Id.).

Plaintiff nevertheless separately filed a Motion for Leave to Amend, (Doc. No. 25),

1

Statement of Claims, (Doc. No.2 6), and Second Amended Complaint, (Doc. No. 28). He subsequently filed a Third Amended Complaint, (Doc. No. 34), and Motion for Leave, (Doc. No. 35), seeking to "join all defendants named in case 1:19-cv-158-FDW …, and also all claims stated therein." (Doc. No. 35 at 1).

A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit "ha[s] interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (*en banc*) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

Plaintiff has not complied with the Federal Rules or this Court's Orders. His attempt to add piecemeal allegations and parties is rejected. This denial is without prejudice for Plaintiff to seek leave to amend in compliance with all applicable timeliness and procedural requirements, including the Local Rules of the United States District Court for the Western District of North Carolina and the Federal Rules of Civil Procedure.[1] See, e.g., Mayle v. Felix, 545 U.S. 644, 664 (2005) (discussing relation back). Plaintiff is reminded that Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). A Fourth Amended Complaint must be on a § 1983 form, which the Court will provide, and it must refer to the instant case number so that it

---

[1] The Court expresses no opinion about whether such a motion to amend, if filed, would be granted.

is docketed in the correct case. A Fourth Amended Complaint must contain all claims Plaintiff intends to bring in this action, identify all defendants he intends to sue, and clearly set forth the factual allegations against each of them. Plaintiff may not amend his Complaint by merely adding defendants and claims in a piecemeal fashion. A Fourth Amended Complaint will supersede any Complaint that preceded it so that any claims or parties omitted from the Fourth Amended Complaint will be waived. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

Also pending is Plaintiff's Motion for Leave to Serve Request for Admissions. (Doc. No. 39). Plaintiff's request for discovery has been misdirected to the Court and will be denied. See LCvR 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses therto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition."); (Doc. No. 27) (Pretrial Order and Case Management Plan). Plaintiff is instructed to direct his discovery requests to the appropriate party or parties in accordance with the applicable procedural rules and Pretrial Order and Case Management Plan.

Finally, Plaintiff has filed a Response to Answer, (Doc. No. 36). District courts have the inherent authority to manage their dockets with a view toward the efficient and expedient resolution of cases. Dietz v. Bouldin, 136 S.Ct. 1885, 1892 (2016). Striking documents is within the Court's inherent authority. See Iota Xi Chapter of Sigma Chi Fraternity v. Patterson, 566 F.3d 138, 150 (4th Cir. 2009). Plaintiff's Response to the Answer, (Doc. No. 36), is improper because it exceeds the scope of the pleadings permitted by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 7(a). The Response to Answer, (Doc. No. 36), will therefore be stricken.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motions for Leave to Amend Complaint, (Doc. Nos. 25, 35), are **DENIED** without prejudice.

2. Plaintiff's Response to Answer, (Doc. No. 36), is **STRICKEN**.

3. Plaintiff's Motion for Leave to Serve Request for Admissions, (Doc. No. 39), is **DENIED**.

4. The Clerk of Court is instructed to mail Plaintiff a blank copy of the § 1983 complaint form.

Signed: October 1, 2019

Frank D. Whitney
Chief United States District Judge